IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik, ) | C/A No.: 1:14-109-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Bruce M. Bryant, et al. Sheriff; James F. ) | |
| Arwood, et al. Jail Administrator; ) | |
| Richard L. Martin, Jr., et al. Assistant ) | |
| Jail Administrator; Gary L. Davis, et al. ) | |
| Security Commander; All Listed and ) | |
| Unknown Agents; Ben Howley, et al. ) | REPORT AND RECOMMENDATION |
| Training Lieutenant; Cheryl Cuzman, ) | |
| et al. Administrative Lieutenant; Randy ) | |
| Guidery, Classification/ICE 287g; John ) | |
| C. Hicks, Internal Affairs; Tammy M. ) | |
| Dover, RN Medical Services ) | |
| Coordinator; Sandie Stervul, Dietitian ) | |
| Trinity Food Services Group Oldsmar, ) | |
| Floridia Contracted thru York County ) | |
| Detention Facility; JT Strait, Detention ) | |
| Officer Sergeant; McMillian, Detention ) | |
| Officer Sergeant; Henson, Detention ) | |
| Officer Sergeant; Tucker, Detention ) | |
| Officer Sergeant; Penland, Detention ) | |
| Officer; Robinson, Detention Officer; ) | |
| Norris, Detention Officer; Yochem, ) | |
| Detention Officer; McMahan, Detention ) | |
| Officer; Reynolds, Detention Officer; ) | |
| Wendy Plemmons; and MA Gurdry, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Akeem Alim-Nafis Abdullah-Malik, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at the York County Detention Center ("YCDC") by the following individuals: Bruce M. Bryant, Sheriff; James F. Arwood, Jail

Administrator; Richard L. Martin, Jr., Assistant Jail Administrator; Gary L. Davis, Security Commander; All Listed and Unknown Agents; Ben Howley, Training Lieutenant; Cheryl Cuzman, Administrative Lieutenant; Randy Guidery, Classification/ICE 287g; John C. Hicks, Internal Affairs; Tammy M. Dover, RN Medical Services Coordinator; Sandie Stervul, Dietitian Trinity Food Services Group; JT Strait, Detention Officer Sergeant; McMillian, Detention Officer Sergeant; Henson, Detention Officer Sergeant; Tucker, Detention Officer Sergeant; Penland, Detention Officer; Robinson, Detention Officer; Norris, Detention Officer; Yochem, Detention Officer; McMahan, Detention Officer; Reynolds, Detention Officer; Wendy Plemmons; MA Gurdry (collectively "Defendants"). [Entry #14-1 at 1–3].

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process as to the following defendants: Richard L. Martin, Jr.; Gary L. Davies; All Listed and Unknown Agents; Ben Howley; Cheryl Cuzman; Randy Guidery; John C. Hicks; Tammy M. Dover; JT Strait; McMillian; Henson; Tucker; Penland; Robinson; Norris; Yochem; McMahan; Reynolds; Wendy Plemmons; MA Gurdry.[1]

---

[1] A separately-docketed order directs service of Plaintiff's claims against defendants Bruce M. Bryant, James F. Arwood, and Sandie Stervul.

2

I.      Factual and Procedural Background

Plaintiff alleges he has been denied due process and court access based on YCDC's lack of a law library and refusal to allow "attorney privileges for pretrial detainees." [Entry #14-1 at 4]. Plaintiff further complains of excessive "classification for segregation," unconstitutional disciplinary hearings, and racial discrimination. *Id.* at 4–5. Plaintiff states that he has been denied religious items and a religious diet, and is unable to copy legal documents because he fears losing his "legal property." *Id.* at 5, 8. Plaintiff states that the food served at YCDC is non-nutritional and "below standards of quality food." *Id.* at 6. Plaintiff also complains that there are no "Department Policies, Institutional Policies" available or posted at YCDC, and that his requests "for modification or recourse" are withheld, impeding his ability to file a complaint. *Id.* at 7, 9. Plaintiff alleges that he is an honorably-discharged veteran of the United States Army and the denial of a wheel chair, crutches, cane, and medical supplies violates his rights under the Americans with Disabilities Act ("ADA"). *Id.* at 5, 10. Plaintiff further alleges "overcharging for medicines." *Id.* at 11. Plaintiff provides direct allegations against Bruce M. Bryant, James F. Arwood, and Sandie Stervul regarding the claims giving rise to this action. *Id.* at 6–7. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 12.

On February 26, 2014, Plaintiff filed an amended complaint correcting the names of some Defendants.[2] [Entry # 14]. Plaintiff's amended pleading alleges sexual assaults, illegal searches and seizures, and "emotional distress psychological distress to veteran

---

[2] To give liberal construction to the pleadings, the original complaint has been attached to the amended complaint for review. [Entry #14-1].

PTSD patient." *Id.* at 1. Plaintiff further alleges a theft of his personal property by "Officer Reynolds via Wendy Plemmons and K. McMillian" on two occasions. *Id.* at 2. Plaintiff's amended complaint names MA Gurdry for "unnecessary harassment" on February 8, 2014. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff provides sufficient factual allegations to withstand summary dismissal of his claims against defendants Bruce M. Bryant, James F. Arwood, and Sandie Stervul. However, Plaintiff's claims against the remaining defendants are subject to summary dismissal as discussed below.

    1.    Insufficient factual allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff provides a list of defendant names and cites to several federal statutes. [Entry #14 at 1–2; Entry #14-1 at 1–3]. However, Plaintiff fails to provide sufficient specific factual allegations to demonstrate a violation of his constitutional rights by the following defendants: Richard L. Martin, Jr.; Gary L. Davis; All Listed and Unknown Agents; Ben Howley; Cheryl Cuzman; Randy Guidery; John C. Hicks; Tammy M. Dover; JT Strait; Henson; Tucker; Penland; Robinson; Norris; Yochem; McMahan; and MA Gurdry. Thus, Plaintiff's conclusory allegations against these individuals are subject to summary dismissal.[3]

2.  Deprivation of property

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995).

Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of*

---

[3]  To the extent these defendants are supervisors at YCDC, Plaintiff fails to demonstrate that they were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Therefore, any supervisory liability claims against these individuals are also subject to summary dismissal. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

*Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). In South Carolina, a prisoner may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

Plaintiff alleges Detention Officer Reynolds stole his personal property on two occasions "via Wendy Plemmons and K. McMillian." [Entry #14 at 2]. However, Plaintiff provides no facts to demonstrate state authorization for the theft of his property. As Plaintiff has an adequate state remedy available to address the alleged property deprivation, his claims against defendants Reynolds, Plemmons, and McMillian are also subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process as to the following defendants: Richard L. Martin, Jr.; Gary L. Davis; All Listed and Unknown Agents; Ben Howley; Cheryl Cuzman; Randy Guidery; John C. Hicks; Tammy M. Dover; JT Strait; McMillian; Henson; Tucker; Penland; Robinson; Norris; Yochem; McMahan; Reynolds; Wendy Plemmons; and MA Gurdry.

    IT IS SO RECOMMENDED.

March 26, 2014                                                Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).