IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Bruce M. Bryant, et al. Sheriff; James )<br>F. Arwood, et al. Jail Administrator; )<br>Richard L. Martin, Jr., et al. Assistant )<br>Jail Administrator; Gary L. Davis, et )<br>al. Security Commander; All Listed )<br>and Unknown Agents; Ben Howley, )<br>et al. Training Lieutenant; Cheryl )<br>Cuzman, et al. Administrative )<br>Lieutenant; Randy Guidery, )<br>Classification/ICE 287g; John C. )<br>Hicks, Internal Affairs; Tammy M. )<br>Dover, RN Medical Services )<br>Coordinator; Sandie Stervul, )<br>Dietitian Trinity Food Services )<br>Group Oldsmar, Floridia Contracted )<br>thru York County Detention Facility; )<br>JT Strait, Detention Officer Sergeant; )<br>McMillian, Detention Officer )<br>Sergeant; Henson, Detention Officer )<br>Sergeant; Tucker, Detention Officer )<br>Sergeant; Penland, Detention Officer; )<br>Robinson, Detention Officer; Norris, )<br>Detention Officer; Yochem, )<br>Detention Officer; McMahan, )<br>Detention Officer; Reynolds, )<br>Detention Officer; Wendy )<br>Plemmons; and MA Gurdry, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 1:14-cv-109-RBH<br><br>**ORDER** |

## PROCEDURAL HISTORY

Plaintiff Akeem Alim-Nafis Abdullah-Malik, ("Plaintiff"), a self-represented state prisoner, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on

January 14, 2014.[1]  *See* Compl., ECF No. 1.  This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[2]  *See* R & R, ECF No. 23.  In the R & R, the Magistrate Judge recommends dismissing several Defendants *without prejudice* due to Plaintiff's failure to provide sufficient factual allegations to demonstrate that those Defendants violated his constitutional rights.[3]  *See* ECF No. 23 at 5–6.  The Magistrate Judge also recommends dismissing Plaintiff's claims against Defendants Reynolds, Plemmons, and McMillan, as he has an adequate state remedy to address the alleged property deprivation committed by those Defendants.  *See id.* at 6–7.  By separate Order, the Magistrate Judge authorized service of process on Defendants Bruce M. Bryant, James F. Arwood, and Sandie Stervul.  *See* Order, ECF No. 22.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The district court is charged with making a *de novo* determination of those portions of the Report to which

---

[1] The allegations of Plaintiff's complaint are adequately represented in the Magistrate Judge's R & R. *See* R & R, ECF No. 23 at 3–4.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.  The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[3] The Magistrate Judge recommends dismissing the following Defendants on this basis: Richard L. Martin, Jr.; Gary L. Davis; All Listed and Unknown Agents; Ben Howley; Cheryl Cruzman; Randy Guidery; John C. Hicks; Tammy M. Dover; JT Strait; Henson; Tucker; Penland; Robinson; Norris; Yochem; McMahan; and MA Gurday.

specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION

As previously noted, the Magistrate Judge filed her R & R recommending that several Defendants be dismissed on March 26, 2014. After requesting and receiving two extensions, Plaintiff timely filed objections to the R & R on May 7, 2014. *See* Pl.'s Objections, ECF No. 42. In his objections to the R & R, Plaintiff concedes that Defendants Ben Howley; Henson; Tucker; and Norris should be dismissed, and he specifically states that he consents to their dismissal. *See id.* at 1–2. Accordingly, the Court dismisses these Defendants without prejudice.

In conjunction with the objections, Plaintiff also filed a Motion to Amend the Complaint. *See* Mot. to Amend, ECF No. 43. In the Motion to Amend, Plaintiff asserts that, if he is allowed to amend the complaint, it will "remedy the pleading defect" and "prevent the dismissal of certain defendants." *See* ECF No. 43 at 2. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it," or "if

the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)–(2). For any subsequent amendment, a party must either receive the opposing party's consent or seek leave from the Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires," *id*; however, a motion to amend may be denied if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). Here, the Court cannot say that Plaintiff's amendment would be futile. Moreover, as none of the Defendants which the Magistrate Judge recommends the Court dismiss have been served, the Court finds no prejudice. Therefore, Plaintiff may amend his complaint to provide additional factual assertions in support of his claims against the remaining Defendants.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Plaintiff's motion to amend, and applicable law. For the reasons stated above, the Magistrate Judge's R & R is respectfully rejected.

**IT IS THEREFORE ORDERED** that, based on Plaintiff's consent to their dismissal, Defendants Ben Howley; Henson; Tucker; and Norris are **DISMISSED**, *without prejudice*. **IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend his complaint is **GRANTED**. Any amended complaint must be filed within fifteen (15) days of the issuance of this order. If Plaintiff does not timely file an amended complaint, this action shall be subject to dismissal. This matter is **RECOMMITED** to the Magistrate Judge for further proceedings consistent with this order, including screening the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
May 16, 2014