IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Akeem Alim-Nafis Abdullah-Malik, | ) | C/A No.: 1:14-109-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bruce M. Bryant, Sheriff; James F. | ) | |
| Arwood, Jail Administrator; Richard L. | ) | |
| Martin, Jr., Assistant Jail Administrator; | ) | |
| Gary L. Davis, Security Commander; | ) | |
| All Listed and Unknown Agents; Cheryl | ) | |
| Cuzman, Administrative Lieutenant; | ) | |
| Randy Guidery, Classification/ICE | ) | |
| 287g; John C. Hicks, Internal Affairs; | ) | |
| Tammy M. Dover, RN Medical Services | ) | |
| Coordinator; Sandie Stervul, Dietitian | ) | ORDER |
| Trinity Food Services Oldsmar, Florida | ) | |
| Contracted thru York County Detention | ) | |
| Facility; JT Strait, Detention Officer | ) | |
| Sergeant; McMillian, Detention Officer | ) | |
| Sergeant; Penland, Detention Officer; | ) | |
| Robinson, Detention Officer; Yochem, | ) | |
| Detention Officer; McMahan, Detention | ) | |
| Officer; Reynolds, Detention Officer; | ) | |
| Wendy Plemmons; MA Gurdy; York | ) | |
| County Sheriff's Office; York County | ) | |
| Detention Center; and Sgt. McMillian, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Akeem Alim-Nafis Abdullah-Malik, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at the York County Detention Center ("YCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

This matter comes before the court on the following motions filed by Plaintiff: (1) motions to amend the second amended complaint ("the complaint") [Entry #50, #64]; (2) motion to amend the scheduling order [Entry #55]; (3) motion to appoint counsel [Entry #62]; (4) motion for discovery [Entry #63]; (5) motion for a temporary restraining order/preliminary injunction [Entry #73]; (6) motion for a hearing [Entry #74]; (7) motion for subpoenas [Entry #75]; and (8) motion for an extension of time to respond to Bryant and Arwood's motion to dismiss [Entry #76].

I.      Motions to amend the complaint

       In his first motion to amend the complaint [Entry #50], Plaintiff seeks to add the South Carolina Department of Corrections ("SCDC") and Turbeville Correctional Institution ("TCI") as defendants. In his second motion to amend the complaint [Entry #64], he seeks to add the 16th Judicial Circuit solicitor's office. "[L]eave [to amend] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

       The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, such as SCDC. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02

(1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997); *Will,* 491 U.S. at 71. The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1] Thus, SCDC is immune from Plaintiff's claims under § 1983 and Plaintiff's motion to amend to add SCDC is denied as futile.

Additionally, it is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not persons and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); *see also Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). TCI is a facility used to house prisoners. Because

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

TCI is not a person amenable to suit under § 1983, Plaintiff's motion to amend to add TCI is denied as futile.

Plaintiff does not set forth any factual allegations that would entitle him to relief against any solicitor of the 16th Judicial Circuit. Even if Plaintiff had set forth factual allegations against one or more solicitors, they are entitled to prosecutorial immunity. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's motion to amend to add the 16th Judicial Circuit solicitor's office as a defendant is denied as futile.

## II.    Motion for an amended scheduling order

Plaintiff requests an amended scheduling order so that he can conduct discovery. [Entry #55]. The court grants Plaintiff's motion to the extent it requests a suspension of the deadlines contained in April 25, 2014, scheduling order. The undersigned will issue an amended scheduling order after Bryant and Arwood's motion to dismiss becomes ripe and the court rules on it.

## III.    Motions to appoint counsel

Plaintiff moves for the court to appoint him counsel. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1) and *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir.

1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. [Entry #62].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984).  In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case.  Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

IV.    Motion for discovery

Plaintiff's motion for discovery [Entry #63] appears to request information and documents from defendants. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, interrogatories and requests for production need not be filed with the court and should be served on defendants. Plaintiff's motion is, therefore, denied. The undersigned also notes that Plaintiff is not entitled to discovery from parties for whom the court has not authorized service of process.

V.      Motion for a temporary restraining order/preliminary injunction[2]

Although styled as a motion for a temporary restraining order/preliminary injunction [Entry #73], Plaintiff's motion contains allegations and seeks relief against Kershaw Correctional Institution ("KCI"). Because KCI is not a party, the court is without jurisdiction to order injunctive relief against KCI in this case, and Plaintiff's motion is therefore denied. To the extent Plaintiff seeks to amend the complaint to add KCI, his motion is denied as futile for the reasons discussed above related to Plaintiff's motion to add TCI as a defendant.

VI.     Motion for a hearing

In his motion for a hearing, Plaintiff requests the court hold a hearing to clarify the status of his pending motions. As this order and the report and recommendation issued contemporaneously with this order address all of Plaintiff's pending motions and issues related to his second amended complaint, Plaintiff's motion for a hearing [Entry #74] is denied as moot.

VII.    Motion for subpoenas

In his motion for subpoenas, Plaintiff requests subpoenas to obtain his medical records and documents related to his state criminal case. [Entry #75]. Plaintiff provides no further information on why these documents are relevant to the instant case. The court

---

[2] Although Plaintiff's motion is titled a motion for a temporary restraining order/preliminary injunction, which is a dispositive motion, the relief requested is more akin to a motion to amend.

notes that claims related to Plaintiff's state criminal action are not properly before the court in this case.

Although a subpoena is the proper method for obtaining documents from non-parties, Plaintiff has failed to provide the necessary fees, such as the cost of the copies and the cost of serving the subpoenas. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion); Therefore, because Plaintiff has not demonstrated the subpoenas are relevant to the instant case or tendered the necessary fees for the subpoenas, Plaintiff's motion for subpoenas [Entry #75] is denied at this time with leave to re-file after he has demonstrated the relevance of the requested subpoenas and tendered the necessary copy costs and costs of service.

VIII.  Motion for an extension

Plaintiff requests additional time to respond to Bryant and Arwood's motion to dismiss. The undersigned grants Plaintiff's motion for an extension [Entry #76]. Plaintiff's response to Bryant and Arwood's motion to dismiss is now due by September 3, 2014.

IT IS SO ORDERED.

August 12, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge