IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Akeem Alim-Nafis Abdullah-Malik, | ) | C/A No.: 1:14-109-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bruce M. Bryant, Sheriff; James F. Arwood, Jail Administrator; Richard L. Martin, Jr., Assistant Jail Administrator; Gary L. Davis, Security Commander; All Listed and Unknown Agents; Cheryl Cuzman, Administrative Lieutenant; Randy Guidery, Classification/ICE 287g; John C. Hicks, Internal Affairs; Tammy M. Dover, RN Medical Services Coordinator; Sandie Stervul, Dietitian Trinity Food Services Oldsmar, Florida Contracted thru York County Detention Facility; JT Strait, Detention Officer Sergeant; Penland, Detention Officer; Robinson, Detention Officer; Yochem, Detention Officer; McMahan, Detention Officer; Reynolds, Detention Officer; Wendy Plemmons; MA Gurdry; York County Sheriff's Office; York County Detention Center; and Sgt. McMillian, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Akeem Alim-Nafis Abdullah-Malik, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while incarcerated at the York County Detention Center ("YCDC") the following individuals violated his constitutional rights: Bruce M. Bryant, Sheriff; James F. Arwood, Jail Administrator; Richard L. Martin, Jr., Assistant Jail Administrator; Gary L. Davis,

Security Commander; All Listed and Unknown Agents; Cheryl Cuzman, Administrative Lieutenant; Randy Guidery, Classification/ICE 287g; John C. Hicks, Internal Affairs; Tammy M. Dover, RN Medical Services Coordinator; Sandie Stervul, Dietitian Trinity Food Services Oldsmar, Florida Contracted thru York County Detention Facility; JT Strait, Detention Officer Sergeant; Penland, Detention Officer; Robinson, Detention Officer; Yochem, Detention Officer; McMahan, Detention Officer; Reynolds, Detention Officer; Wendy Plemmons; MA Gurdry; York County Sheriff's Office ("YCSO"); YCDC; and Sgt. McMillian. [Entry #47].

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the second amended complaint in this case without prejudice and without issuance and service of process as to the following defendants: All Listed and Unknown Agents; Cuzman; Guidery; Hicks; Dover; Strait; Penland; Robinson; Yochem; McMahan; Reynolds; Plemmons; MA Gurdry; YCSO; YCDC; and McMillian.[1]

I.     Factual and Procedural Background

    A.     Procedural Background

The undersigned issued a Report and Recommendation on March 26, 2014, recommending that the amended complaint be summarily dismissed as to the following

---

[1] Bruce Bryant, James F. Arwood, and Sandie Stervul have already been served. A separately-docketed order directs service on Martin and Davis.

defendants: Martin; Davis; All Listed and Unknown Agents; Howley; Cuzman; Guidery; Hicks; Dover; Strait; McMillian; Henson; Tucker; Penland; Robinson; Norris; Yochem; McMahan; Reynolds; Plemmons; and Gurdry. [Entry #23]. Plaintiff consented to the dismissal of Howley, Henson, Tucker, and Norris, but objected to the dismissal of the other defendants without an opportunity to amend his complaint. [Entry #42]. On May 16, 2014, the Honorable R. Bryan Harwell, United States District Judge, dismissed Howley, Henson, Tucker, and Norris and gave Plaintiff until May 30, 2014, to file a second amended complaint. [Entry #45]. Plaintiff filed his second amended complaint on May 29, 2014. [Entry #47].

> B.   Factual Background

In his 54-page second amended complaint, Plaintiff makes general allegations of excessive bail, first amendment violations, deliberate indifference to his medical needs, below-quality food, racial discrimination, cruel and unusual punishment, and due process violations. [Entry #47]. Although most of Plaintiff's allegations are not directed at specific defendants, he names Bryant, Arwood, Martin, and Davis related to each of his listed causes of actions. He also makes the following allegations against specific defendants:

- Guidery racially discriminated against him when classifying him, *id*. at 22;

- Strait sexually harassed him by inappropriately touching him on the buttocks when he was searched based on "allegations concocted in evil intent by Officer McMahan," *id*. at 27;

- McMillian sexually harassed him by inappropriately touching his hands and wrists and blowing kisses at him, *id*.;

3

- Hicks refused to effectively investigate Plaintiff's claims of sexual harassment, *id.* at 28;

- Dover refused Plaintiff medical attention after 5:00 p.m. on a Friday and told the staff that Plaintiff could wait until Monday, *id.* at 35;

- Cuzman, Guidery, Hicks, Plemmons, McMillian, Strait, Reynolds, and Gurdry denied him due process "to receive request forms and grievance forms," *id.* at 40;

- Plemmons, McMillian, and Reynolds removed legal documents from his legal property in his absence, *id.* at 41;

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i),(ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations

4

are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Claims against unnamed parties

Plaintiff sets forth various allegations against "known and unknown agents of the 16th Judicial Circuit, public officials and employees." Plaintiff's allegations are too vague to set forth a claim against unnamed individuals, and his claims against "known and unknown agents" should be summarily dismissed.

Plaintiff also makes allegations related to his state criminal case against specific persons whom he does not name as defendants. Plaintiff cannot move forward against parties who are not before the court. The undersigned notes that if Plaintiff's allegations of wrongdoing in his state criminal case are serious enough that, if true, they would invalidate the convictions ultimately entered against him, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously

5

invalidated. Therefore, it appears Plaintiff would not be entitled to amend his complaint to add these individuals as defendants.

        2.        Claims against Penland, Robinson, and Yochem

Plaintiff makes no specific factual allegations against Penland, Robinson, and Yochem. Therefore, the undersigned recommends these defendants be dismissed.

        3.        Claims against YCSO

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Sheriffs' departments in South Carolina are considered alter egos or arms of the state. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state); S.C. Code § 23-13-550. As an arm of the state, the YCSO is not a person within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").

Additionally, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a

6

state's agencies, such as YCSO. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997); *Will,* 491 U.S. at 71. The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[2] Thus, YCSO is immune from Plaintiff's claims under § 1983, and the instant case against YCSO is subject to summary dismissal. *See Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.").

    4.    Claims against YCDC

The YCDC is subject to summary dismissal because it is not a person subject to suit in a § 1983 action. Courts have held that inanimate objects such as buildings, facilities, and grounds are not persons and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); *see*

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

*also Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The YCDC is a facility used primarily to house pretrial detainees awaiting trial in state court. Because the YCDC is not a person amenable to suit under § 1983, it should be summarily dismissed from this case.

> 5.     Claim related to removal of legal documents

Plaintiff claims that Plemmons, McMillian, and Reynolds removed legal documents from his legal property in his absence. The Fourth Circuit has held that "destruction or unreasonable seizure or tampering with important legal materials is an unconstitutional interference with a prisoner's right of access to the courts." *Bryant v. Muth*, 994 F.2d 1082, 1087 (4th Cir. 1993). An inmate must allege a specific injury resulting from the alleged denial of court access to state a cognizable constitutional claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded).

Here, Plaintiff provides no facts as to what legal materials he was missing or how they would have helped him in a non-frivolous legal claim. Without specific information regarding the legal materials, Plaintiff's claim of injury rests on mere speculation or conjecture, which is insufficient to state a violation of constitutional rights under 42 U.S.C. § 1983. *See U.S. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966) (finding speculative claim insufficient to support a finding of actual prejudice); s*ee also Cochran,* 73 F.3d at

1317 ("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations."). The undersigned notes that Plaintiff has filed no fewer than 27 documents in this case since the original complaint was filed in January 2014. It does not appear that Plaintiff's access to the court has been compromised in any way. Therefore, the undersigned recommends Plaintiff's claim related to the removal of his legal materials be summarily dismissed.

### 6. Insufficient factual allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's claim that Guidery racially discriminated against him when classifying him is insufficient to withstand summary dismissal without more, as Plaintiff has provided no allegations showing that race was a factor and he has no general constitutional right to a particular classification. *Hewitt v. Helms*, 459 U.S. 460, 468, (1983) (no constitutional right under the Due Process Clause to a particular security classification or prison placement). Plaintiff's claim that McMahan concocted allegations against him is similarly too vague to state a claim for relief. Plaintiff's claim that Dover

9

refused to provide him medical attention after 5:00 p.m. on a Friday is also insufficient standing alone to state a valid claim, as Plaintiff has not alleged facts showing that his medical needs were urgent such that any delay in treatment constituted deliberate indifference.

Plaintiff's claim that Strait touched his buttocks when performing a pat down does not rise to the level of a constitutional violation. *Briggs v. South Carolina Dept. of Corrections*, C/A No.: 9:13-1348-RMG, 2014 WL 1278173, *12 (D.S.C. March 27, 2014) (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (finding no Eighth Amendment claim where plaintiff asserted only a small number of incidents in which he was "verbally harassed, touched and pressed against without his consent," with no single incident being severe enough to rise to the level of an Eighth Amendment violation); *Hughes v. Smith*, 237 Fed. Appx. 756, 759 (3d Cir. 2007) (holding that a single pat-down frisk in which a correctional officer allegedly touched Plaintiff's testicles through his clothing, accompanied by no overt sexual comments did not rise to the level of an Eighth Amendment violation); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (finding no Eighth Amendment claim where Plaintiff suffered nothing more than a brief unwanted touch on his buttocks with no evidence that the incident involved undue force or sexual assault or advancement)). Similarly, Plaintiff's allegations that McMillian inappropriately touched his hands and wrists and blew kisses at him do not state a claim of constitutional magnitude. Plaintiff's allegation that Hicks failed to effectively investigate the alleged sexual harassment is also insufficient to state a constitutional claim.

Plaintiff's allegation that Cuzman, Guidery, Hicks, Plemmons, McMillian, Strait, Reynolds, and Gurdry denied him due process related to his ability to file grievances is insufficient to state a constitutional claim, because there is no constitutional right to a grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."). For the foregoing reasons, the undersigned recommends that McMahan, Dover, Cuzman, Guidery, Hicks, Plemmons, McMillian, Strait, Reynolds, and Gurdry be summarily dismissed.

7.     Remaining Claims

If the district judge accepts this recommendation, Plaintiff will proceed only against Bryant, Arwood, Martin, Davis, and Stervul. The undersigned has not completed a review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii) of the second amended complaint related to Plaintiff's claims against the remaining defendants,[3] as many of the claims are addressed in Bryant and Arwood's motion to dismiss [Entry #50], to which Plaintiff has not responded.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process as to the following defendants: All Listed and Unknown Agents; Cuzman; Guidery; Hicks; Dover; Strait; Penland; Robinson; Yochem; McMahan; Reynolds; Plemmons; MA Gurdry; YCSO; YCDC; and McMillian.

---

[3] Stervul, Bryant, and Arwood have previously been served, and Plaintiff's claims against Martin and Davis are virtually identical to those against Bryant and Arwood.

11

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

August 12, 2014  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).