IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik,   )<br>                                                      )<br>           Plaintiff,                              )<br>                                                      )<br>v.                                                  )<br>                                                      )<br>Bruce M. Bryant, Sheriff; James F.    )<br>Arwood, Jail Administrator; Richard  )<br>L. Martin, Jr., Assistant Jail              )<br>Administrator; Gary L. Davis,          )<br>Security Commander; All Listed and )<br>Unknown Agents; Cheryl Cuzman,    )<br>Administrative Lieutenant; Randy     )<br>Guidery, Classification/ICE 287g;    )<br>John C. Hicks, Internal Affairs;        )<br>Tammy M. Dover, RN Medical         )<br>Services Coordinator; Sandie           )<br>Stervul, Dietitian Trinity Food         )<br>Services Oldsmar, Florida              )<br>Contracted thru York County          )<br>Detention Facility; JT Strait,            )<br>Detention Officer Sergeant;            )<br>McMillian, Detention Officer           )<br>Sergeant; Penland, Detention          )<br>Officer; Robinson, Detention           )<br>Officer; Yochem, Detention Officer; )<br>McMahan, Detention Officer;         )<br>Reynolds, Detention Officer; Wendy )<br>Plemmons; MA Gurdy; York County )<br>Sheriff's Office; York County           )<br>Detention Center; and Sgt.              )<br>McMillian,                                      )<br>                                                      )<br>           Defendants.                         )<br>_____ ) | Civil Action No.: 1:14-cv-109-RBH<br><br>**ORDER** |

Plaintiff Akeem Alim-Nafis Abdullah-Malik ("Plaintiff"), proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on January 14, 2014. *See* Compl., ECF No. 1. This matter is before the Court on Plaintiff's objections to an Order

of the Magistrate Judge denying his motion to reconsider.  *See* Pl.'s Objs., ECF No. 101; Order, ECF No. 93.

On August 12, 2014, the Magistrate Judge issued an Order denying Plaintiff's motion to appoint counsel, ECF No. 62; motion for discovery, ECF No. 63; motion to amend/correct, ECF No. 64; motion for a temporary restraining order ("TRO"), ECF No. 73; motion for preliminary injunction, ECF No. 73; motion for hearing, ECF No. 74; and motion for issuance of subpoena, ECF No. 75.  *See* Order, ECF No. 77.  Plaintiff filed a motion for reconsideration of the Magistrate Judge's August 12, 2014 Order on August 28, 2014.  *See* Pl.'s Mot. to Reconsider, ECF No. 92.  The Magistrate Judge denied reconsideration via an Order dated August 29, 2014.  *See* Order, ECF No. 93.  On September 11, 2014, Plaintiff filed objections to this Order.  *See* Appeal, ECF No. 101.  Plaintiff styles his objections as an "appeal" of the Magistrate Judge's Order.[1]

## APPLICABLE LAW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters, such as discovery orders.  Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).  As a non-dispositive matter, the review of a Magistrate Judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review.  *Id.*

Only if a Magistrate Judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

---

[1] Rule 72 of the Federal Rules of Civil Procedure states that a party may submit objections to a Magistrate Judge's ruling on non-dispositive matters.  *See* Fed. R. Civ. P. 72(a).  The Court construes Plaintiff's filing as such.

2

that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Weber v. Jones*, No. 8:12–3349–TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014) (quoting *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)).

## DISCUSSION

As noted above, Plaintiff filed various pre-trial, non-dispositive motions which the Magistrate Judge addressed collectively in her August 12, 2014 Order. In that Order, the Magistrate Judge denied several of Plaintiff's motions, and, in response, Plaintiff made a motion to reconsider. The Magistrate Judge noted that motions for reconsideration of interlocutory orders are granted only in narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Ultimately, she found that Plaintiff failed to meet any of these narrow circumstances, and denied his motion. *See* ECF No. 93 at 2.

Plaintiff objected to the Magistrate Judge's refusal to reconsider her denial of his various motions, contending that she lacked jurisdiction to rule on his motion to reconsider. *See* ECF No. 101 at 3. He argues that the District Court should conduct a *de novo* review of her decision. *See id.* at 4. Plaintiff also asks the Court to stay this case pending its decision on his appeal of the

Magistrate Judge's order. *See id.* Plaintiff then argues that the Magistrate Judge did not provide him with the opportunity to present facts and law to validate his allegations, and erred in not allowing him to pursue injunctions and TROs. *See* ECF No. 101-2 at 3. Finally, he claims that the Magistrate Judge erred in failing to allow him to amend his complaint to add Defendants and allegations. *See id.*

Plaintiff has not alleged any specific error by the Magistrate Judge, aside from a general assertion that she erred in prohibiting him from amending his complaint and seeking injunctions/TROs. The remainder of the objections simply assert that the Magistrate Judge erred and ask the Court to review her decision *de novo*. The Court notes that review of a Magistrate Judge's non-dispositive, pre-trial order is conducted under the "clearly erroneous or contrary to law" standard, not *de novo*. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). The Court has thoroughly reviewed the record, including the Magistrate Judge's August 12, 2014 Order denying Plaintiff's motions, Plaintiff's motion to reconsider, the Magistrate Judge's Order denying his motion to reconsider, and Plaintiff's appeal. The Court finds that the Magistrate Judge properly exercised her discretion in denying Plaintiff's motions. The Magistrate Judge's decisions were neither clearly erroneous nor contrary to law.

## CONCLUSION

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's order denying his motion to reconsider are without merit. Accordingly, the Order, ECF No. 93, is **AFFIRMED**. Plaintiff's request for a stay pending the Court's ruling on his objections to the Magistrate Judge's order denying his motion to reconsider is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                                 s/ R. Bryan Harwell
                                                                 R. Bryan Harwell
                                                                 United States District Judge

Florence, South Carolina
September 15, 2014