IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik, ) | Civil Action No.: 1:14-cv-109-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Bruce M. Bryant, Sheriff; James F. ) | |
| Arwood, Jail Administrator; Richard ) | |
| L. Martin, Jr., Assistant Jail ) | |
| Administrator; Gary L. Davis, ) | |
| Security Commander; Sandie ) | |
| Stervul, Dietitian Trinity Food ) | |
| Services Oldsmar, Florida ) | |
| Contracted thru York County ) | |
| Detention Facility; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Akeem Alim-Nafis Abdullah-Malik ("Plaintiff"), proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on January 14, 2014. *See* Compl., ECF No. 1. On September 11, 2014, the Magistrate Judge issued an Order denying Plaintiff's motion to produce, ECF No. 100. *See* Order, ECF No. 103. This matter is before the Court on Plaintiff's objections to this order. *See* Appeal, ECF No. 114. Although Plaintiff titles his filing as a "Motion to Compel Discover/Disclosure," he notes within that the matter is "on appeal" of ECF No. 103 pursuant to 28 U.S.C. § 636(c).[1]

#### APPLICABLE LAW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P.

---

[1] Rule 72 of the Federal Rules of Civil Procedure states that a party may submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* Fed. R. Civ. P. 72(a). The Court construes Plaintiff's filing as such.

72(a); *see* 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a Magistrate Judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.*

Only if a Magistrate Judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Weber v. Jones*, No. 8:12–3349–TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014) (quoting *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)).

## DISCUSSION

As noted above, Plaintiff made a "motion to produce," which sought a free copy of his filings and complained of the fact that he was required to serve Defendants with his filings. In her Order, the Magistrate Judge noted that the Court does not provide free copies to litigants, including indigent litigants proceeding *in forma pauperis*. *See* ECF No. 103 at 1. The Magistrate Judge provided the contact information for the Clerk of Court and informed Plaintiff that he may receive copies from the Clerk at $.50 per page. *See id.* at 1–2. Furthermore, the Magistrate Judge reiterated

to Plaintiff is not required to serve Defendants once their counsel has made an appearance in this matter. *See id.* at 2.

Plaintiff objected, asserting that the Magistrate Judge's decision was "clearly erroneous standard contrary to law." *See* ECF No. 114 at 2. Plaintiff's filing is largely incomprehensible but appears to assert that the Magistrate Judge's refusal to allow discovery "impedes due process through non-disclosure." *See id.* Plaintiff also continues to complain of having to "serve on the defendants" and "duplicate hand-written documents." *See id.* at 2. Finally, he again asserts that the Magistrate Judge "denied discovery." *See id.* at 3.

The Court notes that the "appeal" of the Magistrate Judge's Order is confined to the scope of that Order. Plaintiff's initial "motion to produce" did not allege any failure on Defendant's part to respond to discovery. Moreover, the Magistrate Judge's Order did not prohibit Plaintiff from serving any discovery. Therefore, these objections are not relevant to the Order of the Magistrate Judge at issue in this appeal. Furthermore, as to the substance of her Order, the Court has thoroughly reviewed the record and cannot say that the Magistrate Judge abused her discretion in denying Plaintiff's motion. The Magistrate Judge's decision was neither clearly erroneous nor contrary to law.

## CONCLUSION

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's order denying his motion to produce are without merit. Accordingly, the Order, ECF No. 103, is **AFFIRMED**.

**IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

Florence, South Carolina
November 4, 2014