IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik,    )<br>                                                        )<br>          Plaintiff,                                 )<br>                                                        )<br>v.                                                      )<br>                                                        )<br>Bruce M. Bryant, Sheriff; James F.    )<br>Arwood, Jail Administrator; Richard )<br>L. Martin, Jr., Assistant Jail              )<br>Administrator; Gary L. Davis,           )<br>Security Commander; Sandie            )<br>Stervul, Dietitian Trinity Food          )<br>Services Oldsmar, Florida                )<br>Contracted thru York County            )<br>Detention Facility;                          )<br>                                                        )<br>          Defendants.                          )<br>                                                        ) | Civil Action No.: 1:14-cv-109-RBH<br><br>**ORDER** |

Plaintiff Akeem Alim-Nafis Abdullah-Malik ("Plaintiff"), proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on January 14, 2014. *See* Compl., ECF No. 1. On October 7, 2014, the Magistrate Judge issued a Text Order denying Plaintiff's motion for pretrial conference, ECF No. 102. *See* Text Order, ECF No. 118. Moreover, on October 7, 2014, the Magistrate Judge also issued an Order denying Plaintiff's motion to amend/correct the Complaint. *See* Order, ECF No. 119. This matter is before the Court on Plaintiff's objections to these orders. *See* Appeal, ECF No. 101. Plaintiff styles his objections as an "appeal" of the Magistrate Judge's Order.[1]

---

[1] Rule 72 of the Federal Rules of Civil Procedure states that a party may submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* Fed. R. Civ. P. 72(a). The Court construes Plaintiff's filing as such.

**APPLICABLE LAW**

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). The review of a Magistrate Judge's non-dispositive order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* For non-dispositive orders, only if a Magistrate Judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Weber v. Jones*, No. 8:12–3349–TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014) (quoting *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)).

For dispositive orders, the Magistrate Judge makes only a recommendation to the District Court that has no presumptive weight. The responsibility to make a final determination with regard to a dispositive matter remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or

modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff's first motion at issue in this appeal was a motion for a pretrial conference. *See* ECF No. 102. The Magistrate Judge denied this motion, finding that a pretrial conference was unnecessary at this stage in the litigation. *See* ECF No. 118. Plaintiff then filed his motion to amend, which he styled as a "motion for joinder and a temporary restraining order." *See* ECF No. 115. As the Magistrate Judge noted, however, a review of this filing establishes that the relief requested is more akin to a motion to amend the complaint, as Plaintiff seeks to add new defendants and claims. *See* ECF No. 119 at 1. Moreover, as the Magistrate Judge correctly pointed out, this filing cannot be considered a motion for a temporary restraining order because it does not contain "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). The Magistrate Judge then found that Plaintiff is not entitled to amend his second amended complaint because (1) the deadline to amend pleadings has expired, (2) the allegations contained in his motion concern alleged constitutional violations that occurred while he was in custody of the South Carolina Department of Corrections, while this lawsuit concerns Plaintiff's incarceration at the York County Detention Center, and (3) the allegations in Plaintiff's motion are not sufficiently pleaded to satisfy the requirements of Rule 8 of the FRCP. *See id.* at 2.

Plaintiff objected, asserting that he is being denied due process and access to the Courts by being prohibited from adding these additional defendants. *See generally* ECF No. 124. He notes that the FRCP permit the joinder of defendants, and argues that joinder of these defendants would

be appropriate. *See id.* at 1. He also asserts that denial of a TRO would violate due process. *See id.* at 2.

After conducting a *de novo* review the Plaintiff's filing, the Court agrees with the Magistrate Judge that it is properly construed as a motion to amend.[2] Plaintiff is correct in asserting that the Federal Rules of Civil Procedure allow for joinder of claims and parties. However, the mere fact that something is allowed by the rules does not mean that it is always proper. After a thorough review of the record, the Court agrees with the Magistrate Judge that Plaintiff's motion to amend should be denied for the reasons stated in her Order.

## CONCLUSION

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's Orders denying his motion for a pretrial conference, ECF No. 102, and motion to amend, ECF No. 117 are without merit. Accordingly, the Orders, ECF Nos. 118 and 119, are **AFFIRMED** and adopted by this Court.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 4, 2014

---

[2] The Court has conducted a *de novo* review out of an abundance of caution. *Compare Weber v. Jones*, No. 8:12-3349-TMC, 2014 WL 1094418, at *2 (D.S.C. March 18, 2014) ("Accordingly, a motion for leave to amend may be submitted to a magistrate judge for decision under Rule 72(a), and an order ruling on such a motion is reviewed only for clear error.") *with Abdur Raheem v. Wenderlich*, No. 07-CV-6247, 2012 WL 5185605, at *2 (W.D.N.Y. Sept. 19, 2012) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting *de novo* review of any objection to it.")