# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik, ) | C/A No.: 1:14-109-RBH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Bruce M. Bryant, Sheriff; James F. ) | |
| Arwood, Jail Administrator; Richard L. ) | |
| Martin, Jr., Assistant Jail Administrator; ) | |
| Gary L. Davis, Security Commander; ) | |
| Sandie Stervul, Dietitian Trinity Food ) | |
| Services Oldsmar, Florida Contracted ) | |
| thru York County Detention Facility, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Akeem Alim-Nafis Abdullah-Malik, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights while incarcerated at the York County Detention Center. [ECF No. 47]. Plaintiff is now incarcerated at Kershaw Correctional Institution ("KCI") in the custody of the South Carolina Department of Corrections. This matter comes before the court on Plaintiff's motions filed on November 14 and 17, 2014, seeking temporary restraining orders ("TRO Motions"). [ECF Nos. 133, 134]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). Because the motions request injunctive relief, they are dispositive, and this Report and Recommendation is entered for the district judge's consideration.

I.      Factual and Procedural Background

Plaintiff alleges in his TRO Motions that mail personnel at KCI refuse to process his legal mail [ECF Nos. 133 at 1; 134 at 5–6]. Plaintiff attached to his TRO motions two notices from KCI mail personnel regarding his mail. The first states that Plaintiff received mail from "Brown and Murph Legal Services," with an envelope from the U.S. District Court attached. [ECF Nos. 133-2 at 1; 134-3 at 4]. The notice states that these were questionable addresses and will be sent to the correspondence committee for review. *Id.* The other notice states that Plaintiff has received books from an individual, but that publications may only be received from the publisher. [ECF Nos. 133-2 at 2; 134-3 at 5].

II.     Discussion

　　A.     Standard of Review

A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the

his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.   Analysis

As an initial matter, Plaintiff seeks a TRO against individuals who are not parties to this action and have therefore not been served with notice of his motion. Plaintiff's TRO motions are improper because they do not contain "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Plaintiff's motion dated November 14, 2014, does not contain an affidavit [ECF No. 133] and his motion dated November 17, 2014, includes an affidavit containing only general allegations about the mail [ECF no. 134].

The TRO Motions allege that KCI personnel have failed to process his legal mail.

---

standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

[ECF Nos. 133, 134]. Plaintiff provides no facts to demonstrate a likelihood of success. In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353–54. Plaintiff has failed to show such an injury.[3]

Plaintiff has also failed to make a clear showing that he will suffer irreparable harm if he is denied a TRO. Plaintiff has not shown that he would be able to successfully prosecute his claims if the court granted a TRO. Plaintiff has shown only one piece of legal mail that has been withheld pending review by the prison's correspondence committee. It appears that KCI is processing Plaintiff's mail in light of the fact that the court received three motions from him on November 17, 2014. Plaintiff's motion lacks specific allegations regarding what the withheld mail contained or why he would suffer irreparable harm if he does not receive it immediately.

---

[3] Upon receiving Plaintiff's TRO Motions, the undersigned inquired with the Clerk of Court's office regarding the envelope with the court's return address. According to the Clerk's office, a friend or family member of Plaintiff sent an envelope with pre-paid postage, in accordance with the court's policy, in order for Plaintiff to obtain a clocked-in copy of one of his filings. The envelope was addressed to Plaintiff with an unknown return address. Because Plaintiff's filing was too large to fit in the envelope provided, the Clerk's deputy attached, as a courtesy, an envelope that bore the court's return address. The court is not responsible for KCI's additional scrutiny of the package based on a return address of "Brown and Murph Legal Services."

Plaintiff has not shown that the balance of equities tips in his favor. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

Finally, Plaintiff has not shown that a TRO is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' decisions where the record contains only Plaintiff's allegations and no evidence. Therefore, it is recommended that Plaintiff's TRO Motions be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's TRO Motions. [ECF No. 133, 134].

IT IS SO RECOMMENDED.

November 18, 2014                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6