IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik, ) | Civil Action No.: 1:14-cv-109-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bruce M. Bryant, Sheriff; James F. ) | |
| Arwood, Jail Administrator; Richard ) | |
| L. Martin, Jr., Assistant Jail ) | |
| Administrator; Gary L. Davis, ) | |
| Security Commander; Sandie ) | |
| Stervul, Dietitian Trinity Food ) | |
| Services Oldsmar, Florida ) | |
| Contracted thru York County ) | |
| Detention Facility; ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

This matter is before the Court on Plaintiff Akeem Alim-Nafis Abdullah-Malik's Motion to Reconsider the undersigned's September 25, 2014 Order. *See* Mot. to Alter/Amend, ECF No. 115. Plaintiff asks that the Court reconsider its order, ECF No. 109, adopting the Magistrate Judge's Report and Recommendation ("R & R"), ECF No. 79, dismissing Defendants All Listed and Unknown Agents; Cuzman; Guidery; Hicks; Dover; JT Strait; Penland; Robinson; Yochem; McMahan; Reynolds; Plemmons; MA Gurdry; York County Sheriff's Office; York County Detention Center; and McMillian without prejudice and without service of process. *See* Order, ECF No. 109 at 3.

Objections to the R & R were originally due on August 29, 2014. *See* ECF No. 79. Plaintiff requested an extension of time, *see* ECF No. 84, and the Court granted an extension of fifteen (15) days via text order dated August 27, 2014, *see* ECF No. 86. This extended the deadline to

September 15, 2014. Plaintiff requested an additional extension of time to file objections on September 4, 2014, *see* ECF No. 95, but the Court found he had not shown good cause to warrant a second extension of time in which to file his objections. The Court did not receive any objections by the September 15, 2014 deadline. The Court waited an additional nine days, and having received no objections, the Court entered its Order adopting the Magistrate Judge's R & R on September 25, 2014. *See* ECF No. 109.

On October 3, 2014, Plaintiff filed a motion to reconsider the Order adopting the R & R. *See* ECF No. 115. In his motion, Plaintiff claims that the Court "mischaracterized a previous alter to amend Magistrate Shiva V. Hodges Order where the Plaintiff sought de novo review." *See id.* at 2. He also claims that he "filed a timely objection to the Magistrate Report and Recommendation." *See id.* In his "affidavit addendum," Plaintiff appears to assert that his objections to the R & R were filed via a separate document simultaneously with his motion to alter or amend, ECF No. 92. *See* ECF No. 115-1. Plaintiff also attached a copy of what he claims are his "written objections" to the R & R. *See* ECF No. 115-3. Also, in a subsequent filing Plaintiff argues he placed his objections in the same envelope as a separate motion, presumably the motion to alter or amend. *See* Letter, ECF No. 117-1.

## RULE 59(E)

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 59.30[4] (3d ed.); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." (internal quotations and citations omitted)). The Fourth Circuit

has held such a motion should be granted for only three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion") (citation omitted).

Plaintiff's motion, although not entirely clear, appears to assert either that (1) his Motion to Alter or Amend (ECF No. 92) the Magistrate Judge's Order (ECF No. 77), also constituted his objections to the Report and Recommendation (ECF No. 79) or (2) his objections were filed in conjunction with ECF No. 92. The Court first notes that, to the extent Plaintiff claims that his motion to alter or amend the Magistrate Judge's order constituted his objections, his motion is without merit. That document is clearly entitled "Motion to Alter/Amend Order #77" and its contents relate solely to that Order entered by the Magistrate Judge. However, in his motion Plaintiff also appears to indicate that he filed his objections in a separate document, but *along with* ECF No. 92. Accordingly, Plaintiff's apparently asserts that if the Court does not consider his objections it would amount to manifest injustice.

The Court notes that a thorough review of the docket reveals that the Court never received the filing Plaintiff asserts that he mailed on August 28, 2014. However, Plaintiff has provided an affidavit asserting that "simultaneously Plaintiff filed Objections to Magistrate (R & R) on August 28, 2014." *See* ECF No. 115-1. Moreover, the certificate of service on the objections attached to

3

his present motion to alter/amend was dated August 28, 2014. *See* ECF No. 115-3. Plaintiff did in fact place a filing into the mail on August 28, 2014. *See* Envelope, ECF No. 92-1. However, there is no indication that his objections were including in that envelope, which according to the docket corresponded to his motion for reconsideration, ECF No. 92. However, out of an abundance of caution, the Court will give Plaintiff the benefit of the doubt. Accordingly, the Court **GRANTS** Plaintiff's motion for reconsideration, and vacates the dismissal of Defendants All Listed and Unknown Agents; Cuzman; Guidery; Hicks; Dover; Strait; Penland; Robinson; Yochem; McMahan; Reynolds; Plemmons; MA Gurdry; YCSO; YCDC; and McMillian. The Court will now consider Plaintiff's objections to the R & R herein. *See* ECF No. 115-3.

### R & R AND OBJECTIONS

**I.    Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of

objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.    Factual Background

The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation. *See* ECF No. 79 at 3–4.

## III.   Discussion

In the R & R, the Magistrate Judge recommended dismissing Defendants All Listed and Unknown Agents; Cuzman; Guidery; Hicks; Dover; Strait; Penland; Robinson; Yochem; McMahan; Reynolds; Plemmons; MA Gurdry; YCSO; YCDC; and McMillian. The Magistrate Judge found that Plaintiff's allegations against "known and unknown agents" was too vague. *See id.* at 5. Moreover, the Magistrate Judge noted that to the extent Plaintiff makes allegations against specific persons who are not named, Plaintiff cannot move forward against those parties. *See id.* The Magistrate Judge then found that Plaintiff made no specific factual allegations against Penland, Robinson, or Yochem. *See id.* at 6. Next, the Magistrate Judge determined that Plaintiff's claims against the York County Sheriff's Office ("YCSO") fail under § 1983 because only persons may act under color of state law and the Eleventh Amendment bars suits against arms of the state, of which the YCSO is one. *See id.* Similarly, she also determined that Plaintiff's claim against the York County Detention Center ("YCDC:)") also fails because it is not a person amenable to suit under § 1983. *See id.* at 7–8. Next, she found that Plaintiff failed to state a claim of denial of access to courts against Plemmons, McMillian, and/or Reynolds because he did not provide any factual allegations as to what materials he was missing or how they would have helped him in a non-frivolous legal claim. *See id.* at 8–9. Finally, the Magistrate Judge found that Plaintiff provided

insufficient factual allegations to state a claim against Defendants Guidery, McMahan, Dover, Strait, McMillian, Hicks, Cruzman, Plemmons, Reynolds, and Gurdry. *See id.* at 9–11.

Petitioner objected in a barely legible filing.  However, to the extent it could decipher Plaintiff's objections, the Court will address each of the objections that direct it to a specific portion of the R & R.  Plaintiff first asserts that that when a *pro se* complaint is evaluated the allegations should be assumed to be true, and because he is not an attorney his pleadings are entitled to a liberal construction.  *See* ECF No. 115-3 at 3–4.  Plaintiff then appears to asset that in the Amended Complaint Lt. Guidry "kept the Plaintiff segregated for unwarranted reasoning," and did this in support of Defendants Bryant, Arwood, Martin Jr., and Davies.  *See id.* at 5–6.  Plaintiff also argues that Defendant John Hicks "failed to conduct fair and impartial proceedings" and lied under oath to protect his brother.  *Id.* at 6.  Plaintiff then argues that Defendant Dover was a nurse supervisor and apparently committed some unspecified "gross negligence."  *See id.*  Plaintiff then claims that his "known and unknown" Defendants "take similar characteristics of *Bivens*."  *Id.* at 7.  Plaintiff next avers that Sgt. Strait and Sgt. McMillan engaged in "overt sexual harassment" and regardless "of the degree or not of the act" to dismiss these Defendants would be to promote sexual harassment.  *Id.* at 8.  Plaintiff then asserts that Defendants Reynolds, Plemmons, and McMillan "demand[ed] vital legal documents for Plaintiff's criminal and civil proceedings to derail litigation."  *Id.* at 9.  Plaintiff's next argument is that Defendants Penland, Robinson, and Yochem "often taunted the Plaintiff verbally."  *See id.*  Plaintiff then claims that Defendants YCSO and YCDC are in fact proper parties because he brought suit against them under the South Carolina Tort Claims Act.  *See id.* at 11.  Plaintiff then argues that Defendant McMillan lied under oath.  *See id.*  Finally, Plaintiff asserts that sovereign immunity would not protect Defendants YCSO and YCDC from liability for damages under 1983.  *See id.* at 12.

The Federal Rules of Civil Procedure provide that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As Plaintiff correctly notes, the Court must liberally construe a *pro se* Complaint, but even so a Plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 554, 555 (2007). The Court first notes that it agrees with the Magistrate Judge that most of Plaintiff's claims fail due to his failure to state sufficient facts to constitute a cause of action. Plaintiff's generalized allegations about Defendants Guidry, Bryant, Arwood, Martin Jr., and Davies purportedly keeping him improperly segregated do not state a constitutional violation. *See Hewitt v. Helmes*, 459 U.S. 460, 468 (1983) (no constitutional right under the Due Process Clause to a particular security classification or prison placement). Moreover, Plaintiff's claims that Defendant Hicks and McMillian lied under oath and, along with Defendants Cruzman, Guidery, Plemmons, Strait, and Reynolds, denied him due process related to his ability to file grievances is also insufficient to state a constitutional violation. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings.").

Furthermore, his generalized assertion that Defendant Dover engaged in unspecified "gross negligence" is also insufficient to state a claim under Rule 8(a)'s requirements. Likewise for Plaintiff's generalized argument that the "known and unknown" Defendants are similar to those in *Bivens v. Six Unknown Named Agents*, as Plaintiff has not provided anything other than vague allegations against these Defendants that fail to state a claim. Next, a generalized assertion that Defendants Strait and McMillian sexually harassed him by purportedly touching his buttocks during a pat down (Strait) and blowing kisses at him (McMillian) is also insufficient to state any constitutional claim. Finally, Plaintiff's vague assertion that Defendants Penland, Robinson and

7

Yochem "taunted" him verbally is also insufficient to state a constitutional claim. Therefore, Plaintiff's objections related to each of these conclusions by the Magistrate Judge are without merit.

The Court also finds that Plaintiff's objection asserting that Defendants Reynolds, Plemmons, and McMillan demanded vital legal documents from Plaintiff in order to derail his litigation is also without merit. As the Magistrate Judge correctly noted, "destruction or unreasonable seizure or tampering with important legal materials is an unconstitutional interference with a prisoner's right of access to the courts." *Bryant v. Muth*, 994 F.2d 1082, 1087 (4th Cir. 1993). However, as the Magistrate Judge also noted, an inmate must allege a specific injury resulting from the alleged denial of access to courts to state a cognizable claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Here, Plaintiff has provided no facts detailing what legal materials the Defendants purportedly seized or how they would have helped him in non-frivolous litigation. Accordingly, the Court agrees with the Magistrate Judge and finds that this claim must fail.

Finally, the Court turns to Plaintiff's claims against the York County Sherriff's Office and York County Detention Center. A divination of Plaintiff's objections suggests that he argues that he did not intend to sue them under § 1983, but rather meant to sue these Defendants under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-100. While these claims may be cognizable in state court, they are still barred by Eleventh Amendment immunity in this Court. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state, a state agency, or a state instrumentality in favor of a citizen of that state. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Here, South Carolina has not consented to suit in federal court for a claim asserted under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15–78–20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the

United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.); *see also Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d 483, 493 (D.S.C. 2007) (citing S.C. Code Ann. § 15–78–20(e)) ("The SCTCA, which is the 'exclusive remedy for any tort committed by an employee of a governmental entity,' specifically reserved South Carolina's Eleventh Amendment immunity from suit in federal court.").

The Court notes that both of these Defendants are entitled to sovereign immunity in this Court. States enjoy immunity from suit in federal court by citizens of another state or citizens of foreign states. U.S. Const. amend. XI. Additionally, a federal court may hear no state law claim against a State or state agency absent the State's express consent to be sued in federal court. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). As such, an action against South Carolina will not lie in this court without South Carolina's express waiver of Eleventh Amendment immunity.

It is well-established in South Carolina that a sheriff's office is an agency of, and a sheriff "dominated by," the state, such that a suit against the sheriff in his official capacity is a suit against the State. *Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C.1988), *aff'd* 878 F.2d 379 (1989) (discussing sheriff as an agent and alter ego of the state). As such, Plaintiff's cause of action against the York County Sheriff's office is a suit against the State of South Carolina itself. *Carroll v. Greenville County Sheriff's Dept.*, 871 F. Supp. 844, 845–846 (D.S.C. 1994); *see Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Therefore, the Court finds that this claim is barred by Eleventh Amendment immunity.

Moreover, as to the Defendant York County Detention Center, the Court also finds that Plaintiff's claim fails. The County Sheriff, pursuant to statute, is in charge of the detention center in

York County. *See* S.C.Code Ann. § 24-5-10 ("[T]he Sheriff shall have custody if the jail in his county."). Here, Plaintiff has already named the York County Sheriff, Bruce Bryant, as a party. Therefore, his claim against the York County Detention Center is superfluous. Thus, the Court agrees with the Magistrate Judge that dismissal is warranted of Defendant YCDC as the Sheriff is already a party to this suit.

## CONCLUSION

The Court has thoroughly reviewed the entire record. As discussed above, the Court first **GRANTS** Plaintiff's motion to reconsider and **VACATES** its dismissal of Defendants All Listed and Unknown Agents; Cuzman; Guidery; Hicks; Dover; Strait; Penland; Robinson; Yochem; McMahan; Reynolds; Plemmons; MA Gurdry; YCSO; YCDC; and McMillian. However, after reviewing the R & R and Plaintiff's objections, for the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's second amended complaint is **DISMISSED** *without prejudice* and without service of process as to Defendants All Listed and Unknown Agents; Cuzman; Guidery; Hicks; Dover; JT Strait; Penland; Robinson; Yochem; McMahan; Reynolds; Plemmons; MA Gurdry; York County Sheriff's Office; York County Detention Center; and McMillian.

**IT IS SO ORDERED.**

                                      s/ R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Judge

Florence, South Carolina
December 5, 2014