IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik,   )<br>                                                        )<br>        Plaintiff,                              )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>Bruce M. Bryant, Sheriff; James F.    )<br>Arwood, Jail Administrator; Richard )<br>L. Martin, Jr., Assistant Jail              )<br>Administrator; Gary L. Davis,          )<br>Security Commander; Sandie            )<br>Stervul, Dietitian Trinity Food          )<br>Services Oldsmar, Florida               )<br>Contracted thru York County          )<br>Detention Facility;                          )<br>                                                        )<br>        Defendants.                          )<br>_____)  | Civil Action No.: 1:14-cv-109-RBH<br><br><br>**ORDER** |

## INTRODUCTION

Plaintiff Akeem Alim-Nafis Abdullah-Malik ("Plaintiff"), proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on January 14, 2014. *See* Compl., ECF No. 1. This matter is before the Court on Plaintiff's objections to two Orders of the Magistrate Judge: (1) an Order denying his motion to appoint counsel and (2) an Order denying his motion for arrest warrant. *See* Pl.'s Objs., ECF No. 144; Text Order, ECF No. 138; Order, ECF No. 139.

On November 18, 2014, the Magistrate Judge issued a Text Order denying Plaintiff's motion to appoint counsel, *see* Pl.'s Mot., ECF No. 133, and an Order denying Plaintiff's motion for arrest warrant, *see* Pl.'s Mot, ECF No. 137. On December 1, 2014, Plaintiff filed objections to this Order.

*See* Appeal, ECF No. 144. Plaintiff styles his objections as an "appeal" of the Magistrate Judge's Order.[1]

## APPLICABLE LAW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a Magistrate Judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.*

Only if a Magistrate Judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Weber v. Jones*, No. 8:12–3349–TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014) (quoting *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)).

---

[1] Rule 72 of the Federal Rules of Civil Procedure states that a party may submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* Fed. R. Civ. P. 72(a). The Court construes Plaintiff's filing as such.

**DISCUSSION**

As noted above, Plaintiff filed a motion to appoint counsel and motion for arrest warrant, which the Magistrate Judge denied via two separate orders on November 18, 2014. Plaintiff objected to the Magistrate Judge's denial of his motion to appoint counsel, making numerous vague assertions regarding alleged denials of a "due process" and claims that this litigation warrants appointment of counsel. *See* ECF No. 144 at 1–4. Plaintiff also objected to the Magistrate Judge's denial of his motion for an arrest warrant, pointing to various issues he has with Catherine Amajon, who he alleges is the Mail Room Attendant at the Kershaw Correctional Institution. *See id.* at 4–8.

The Court has thoroughly reviewed the record, including the Magistrate Judge's November 18, 2014 Orders denying Plaintiff's motions, Plaintiff's appeal, and applicable law. The Court finds that the Magistrate Judge properly exercised her discretion in denying Plaintiff's motions. The Magistrate Judge's decisions were neither clearly erroneous nor contrary to law.

**CONCLUSION**

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's Orders denying his motion to appoint counsel and motion for arrest warrant are without merit. Accordingly, the Orders, ECF Nos. 138 and 139, are **AFFIRMED**.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
December 9, 2014