IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik, ) | Civil Action No.: 1:14-cv-109-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bruce M. Bryant, Sheriff; James F. ) | |
| Arwood, Jail Administrator; Richard ) | |
| L. Martin, Jr., Assistant Jail ) | |
| Administrator; Gary L. Davis, ) | |
| Security Commander; Sandie ) | |
| Stervul, Dietitian Trinity Food ) | |
| Services Oldsmar, Florida ) | |
| Contracted thru York County ) | |
| Detention Facility; ) | |
| ) | |
| Defendants. ) | |
| ) | |

### INTRODUCTION

Plaintiff Akeem Alim-Nafis Abdullah-Malik ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action against the above captioned Defendants[1] pursuant to 42 U.S.C. § 1983 on January 14, 2014. *See* Compl., ECF No. 1; Am. Compl., ECF No. 14. Plaintiff subsequently made two motions for temporary restraining orders ("TROs") on November 14, 2014 and November 17, 2014. *See* ECF Nos. 133–34. The matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[2] *See* R & R, ECF No. 140. In her R & R, the Magistrate Judge recommends the Court deny Plaintiff's motions for a TRO. *See id.* at 5.

---

[1] Several additional Defendants were named in the Complaint, but were dismissed via the Court's May 16, 2014 and September 25, 2014 Orders. *See* Order, ECF No. 45; Order, ECF No. 153.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**TEMPORARY RESTRAINING ORDER STANDARD**

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g.*, *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed. R. Civ. P. 65(b)(1).

The United States Supreme Court has held that a party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reissued in part*, 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

## DISCUSSION

### I. Introduction

Plaintiff's alleges in his TRO motions that mail personnel at the Kershaw Correctional Institution ("KCI") refuse to process his legal mail. *See* ECF No. 133 at 1; ECF No. 143 at 5–6. He asserts that this "impede[s] due process." *See* ECF No. 133 at 1. Plaintiff requests a TRO to prevent further delays with his mail, and also renews his request for appointment of counsel. *See id.* at 3. Plaintiff attached an affidavit to one of his motions, asserting that his access to the courts is being impeded and his legal property confiscated. *See* Aff. of Plaintiff, ECF No. 134 at 5. In support of his motion, he also attached two notices from KCI mail personnel. The first notice stated that KCI received mail from "Brown and Murph Legal Services," with an envelope from the U.S.

District Court attached.  *See* ECF No. 133-2 at 1; ECF No. 134-3 at 4.  The notice states that this parcel came from a questionable address and would be sent to the correspondence committee for review.  *See id.*  The second notice states that Plaintiff received books from an individual, but that publications may only be received from the publisher.  *See* ECF Nos. 133-2 at 2; 134-3 at 5.

## II.     R & R and Objections

In the R & R, the Magistrate Judge recommends the Court deny Plaintiff's motions for a TRO.  The Magistrate Judge first notes that Plaintiff seeks a TRO against individuals who are not parties to this action.  *See* ECF No. 140 at 3.  The Magistrate Judge then notes that Plaintiff's motions are improper because they do not meet the specificity requirements of Rule 65(b) of the Federal Rules of Civil Procedure ("FRCP").  Next, the Magistrate Judge explains that Plaintiff failed to provide any facts demonstrating a likelihood of success on the merits.  *See id.* at 4.  The Magistrate Judge then reasons that Plaintiff failed to make a clear showing of irreparable harm.  *See id.*  Finally, the Magistrate Judge finds that Plaintiff had not shown that the balance of equities tips in his favor or that a TRO would be in the public interest.  *See id.* at 5.

Plaintiff filed timely filed voluminous objections to the R & R.  Plaintiff's objections request that the Court review the R & R *de novo*, and grant his motions for a TRO.  *See* ECF No. 158 at 2–3.  Plaintiff argues that, through his allegations against Defendants, he has shown denial of human rights, civil rights, and constitutional rights.  *See id.* at 4–5.  Thus, he contends that he has shown likelihood of success on the merits and an injunction would be in the public interest.  *See id.* at 5.  Plaintiff asserts that the arbitrary and capricious withholding his legal mail constitutes a "denial of due process" and access to the courts.  *See id.* at 8.  He argues that the mail room attendant held his mail past deadlines, withheld legal mail, opened legal mailings, and failed to mail out legal mailings.  *See id.* at 15.  Plaintiff also alleges that by holding his mail, "religious memorabilia,

memento prayer rug, Kufi's (head wear), Holy Quran, and additional books" have been confiscated. *See id.* at 12. He claims that his legal mail has been opened outside of his presence on several occasions. *See id.* at 14. Plaintiff argues that failing to issue a TRO would result in denial of due process and equal protection. *See id.* at 15. Plaintiff then contends that a TRO would be in the public interest because it would reverse these improper prison administrator decisions. *See id.* at 23. Finally, he also reasserts his various arguments about the inadequacies of the law library and the prison's limitation of library hours for litigants.[3] *See id.* at 6–7.

**II.    Analysis**

As the Magistrate Judge correctly noted, Plaintiff's motion appears to request that the Court issue a TRO against individuals who are not even parties to this suit. In his motion, he identifies "Kershaw Mail Personnel Catherine Amason, Supervisor Jesse Edmonds, and Associate Warden of Program" as the parties that "refuse to allow my legal mail to be mailed out." *See* ECF No. 133 at 1. The Court agrees with the Magistrate Judge that, to the extent he seeks to enjoin persons who are not parties to this lawsuit, Plaintiff's motion is improper.

To the extent Plaintiff has sought relief against Defendant(s) who are in fact parties to this lawsuit, the Court agrees with the Magistrate Judge that he has failed to show that a TRO is appropriate. As the Magistrate Judge explained, with regard to his denial of access to courts claim Plaintiff has not provided sufficient facts to demonstrate likelihood of success on the merits. To make out a *prima facie* claim for denial of access to the courts, Plaintiff must identify with specificity an actual injury resulting from official conduct, and cannot rely on conclusory allegations. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *see also White v. White*,

---

[3] Plaintiff's objections also contained another request for appointment of counsel, and what appeared to be another request for leave to amend the complaint to add additional Defendants. The Court has already denied earlier versions of these motions. To the extent they are reasserted, they are denied for the reasons set forth in the Court's prior Orders.

886 F.2d 721, 723–24 (4th Cir. 1989) ("To state a claim such as this, a prisoner must provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts."). Furthermore, Plaintiff must demonstrate Defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *See Lewis v. Casey*, 518 U.S. 343, 353–54 (1996). The Magistrate Judge found that Plaintiff failed to show this. Plaintiff did not address this analysis or provide any additional factual allegations in his objections, aside from repeating that his legal mail had been withheld and it resulted in a denial of "due process." After conducting an independent review, the Court agrees with the Magistrate Judge that Plaintiff has not shown a likelihood of success on the merits. Plaintiff has filed many motions in this matter and has, on almost every occasion, filed timely responses to any motion of Defendant or R & R of the Magistrate Judge. He has not shown that he missed any deadlines or dismissal of any meritorious claims as a result of any "withholding" of his legal mail.

The Magistrate Judge also determined that Plaintiff failed to make a clear showing that he will suffer irreparable harm if he is denied a TRO. First, the evidence provided by Plaintiff does not show any problems with his outgoing legal mail. It appears as though KCI is processing Plaintiff's outgoing legal mail, as the Court has received approximately ten filings from Plaintiff in the past two months alone. With regard to his incoming mail, Plaintiff has only shown that one piece of "legal mail" has been withheld pending review of the correspondence committee.[4] The Magistrate Judge noted that Plaintiff's motion lacks specific allegations regarding what the withheld mail contained or why he would suffer irreparable harm if he does not receive it immediately. Plaintiff

---

[4] As the R & R detailed, this piece of "legal mail" appeared to consist of a clocked copy of one of Plaintiff's own filings, which was requested by a friend or family member. Accordingly, the return address was from a third party, Brown and Murph Legal Services, and not the Court, which may explain the additional scrutiny.

6

does not address this analysis in his objections, aside from reiterating his general argument that withholding legal mail constitutes a denial of due process. The Court agrees with the Magistrate Judge, therefore, that Plaintiff has failed to make a clear showing of irreparable harm that would occur if a TRO is denied.

The Magistrate Judge then found that Plaintiff failed to show that the balance of equities tipped in his favor. Plaintiff did not directly address this argument either. However, his due process arguments can be construed as arguments that the equities are in his favor. As the Magistrate explained, however, the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (quoting *Jones v. N.C. Prisoner's Union*, 433 U.S. 119, 126 (1977)). In light of this fact, the Court agrees with the Magistrate Judge that Plaintiff has failed to show that the balance of equities tips in his favor.

Finally, the Magistrate Judge found that a TRO would not be in the public interest. She explained that she could not conclude that the public interest would be best served in reversing the prison administrators' decisions where the record contained only Plaintiff's allegations and no evidence. In his objections, Plaintiff argued that granting a TRO would be in the public interest because it would reverse the alleged discriminatory prison policies. The Court finds that this is insufficient to show that a TRO would be in the public interest in light of the dearth of evidence supporting Plaintiff's allegations.

Accordingly, based on the foregoing, the Court agrees with the Magistrate Judge that Plaintiff's motions for a TRO should be denied.

## CONCLUSION

The Court has thoroughly reviewed the entire record. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for a temporary restraining order, ECF Nos. 133 and 134, are **DENIED**.

**IT IS SO ORDERED.**

                                                                 s/ R. Bryan Harwell
                                                                  R. Bryan Harwell
                                                                  United States District Judge

Florence, South Carolina
January 16, 2015