IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Akeem Alim-Nafis Abdullah-Malik,  ) | Civil Action No.: 1:14-cv-109-RBH |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Bruce M. Bryant, Sheriff; James F.  ) | |
| Arwood, Jail Administrator; Richard  ) | |
| L. Martin, Jr., Assistant Jail  ) | |
| Administrator; Gary L. Davis,  ) | |
| Security Commander; Sandie  ) | |
| Stervul, Dietitian Trinity Food  ) | |
| Services Oldsmar, Florida  ) | |
| Contracted thru York County  ) | |
| Detention Facility;  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

## INTRODUCTION

Plaintiff Akeem Alim-Nafis Abdullah-Malik ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action against the above captioned Defendants[1] pursuant to 42 U.S.C. § 1983 on January 14, 2014. *See* Compl., ECF No. 1; Am. Compl., ECF No. 47. On June 16, 2014, Defendants James F. Arwood and Bruce M. Bryant filed a motion to dismiss for failure to state a claim. *See* Mot., ECF No. 58. After requesting and receiving multiple extensions, Plaintiff filed a response in opposition on September 26, 2014. *See* Pl.'s Resp., ECF No. 112. Defendants Richard L. Martin, Jr. and Gary L. Davis were served subsequent to the filing of this motion. *See* ECF No. 78. Accordingly, in conjunction with Defendants Arwood and Bryant's reply to Plaintiff's

---

[1] Several additional Defendants were named in the Complaint, but were dismissed via the Court's May 16, 2014 and September 25, 2014 Orders. *See* Order, ECF No. 45; Order, ECF No. 153.

response, Martin and Davis requested to be joined in the motion to dismiss. *See* Def.'s Reply, ECF No. 132 at n.1.

The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[2] *See* R & R, ECF No. 170. In the R & R, the Magistrate Judge recommends the Court grant Defendants Arwood, Bryant, Davis, and Martin's (collectively the "YCDC Defendants") motion to dismiss. *See id.* at 11. The Magistrate Judge noted that, if the Court were to adopt this recommendation, only Plaintiff's claim against Defendant Sternal[3] would remain. *See id.* The Magistrate Judge noted that, unless Defendant Sternal requests and receives a grant of an extension of time to file a dispositive motion, this claim appears ready for trial. *See id.*

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence

---

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[3] Defendant Sandra Sternal was incorrectly identified in the complaint as Sandie Stervul.

of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION[4]

### I.   Magistrate Judge's Recommendations

In the R & R, the Magistrate Judge first addressed the motion to dismiss filed by Defendants Bryant and Arwood, and later joined by Martin and Davis.[5] The Magistrate Judge noted that, to the extent these Defendants are sued in their official capacity for monetary damages, they are entitled to dismissal due to Eleventh Amendment immunity. *See* ECF No. 170 at 4–5. Next, the Magistrate Judge explained that, since Plaintiff is no longer confined in the York County Detention Center ("YCDC"), his claims for declaratory and injunctive relief related to his confinement at that facility are moot. *See id.* at 6. The Magistrate Judge then reasoned that Plaintiff's claim for excessive bail should be dismissed because the complaint does not set forth any allegations that the YCDC Defendants set his bail or had any authority to reduce it. *See id.* at 6–7. The Magistrate Judge subsequently determined that Plaintiff failed to sufficiently state a claim based on the First Amendment. *See id.* at 7–8. The Magistrate Judge then turned to Plaintiff's claim for racial discrimination and found that Plaintiff failed to allege sufficient facts to state a claim of discrimination. *See id.* at 8–9. The Magistrate Judge then explained that Plaintiff's cruel and unusual punishment claim fails because he did not allege sufficient facts to show that he was

---

[4] The facts of this case, including citations to the record, were completely and accurately set forth in the R & R. *See* ECF No. 170 at 1–3.

[5] As the Magistrate Judge did in her R & R, the Court will collectively refer to these defendants as the YCDC Defendants.

3

deprived of a basic human need or that the YCDC Defendants acted with deliberate indifference. *See id.* at 9. The Magistrate Judge next addressed Plaintiff's denial of due process claim based on the grievance system, explaining that Plaintiff's allegations failed to state a constitutional claim as there is no constitutional right to a grievance system. *See id.* at 10. Finally, the Magistrate Judge determined that, to the extent the YCDC Defendants are sued in their supervisory capacity, Plaintiff's claims fail and should be dismissed. *See id.* at 10–11.

The Magistrate Judge then turned to Defendant Sternal. The Magistrate Judge noted this Defendant did not filed any dispositive motions within the deadline set by the original scheduling order. *See* ECF No. 170 at 11; *see also* Scheduling Order, ECF No. 38. Accordingly, she noted that this claim would be ready for trial absent a request for, and grant by the Court of, an extension of time to file a dispositive motion. *See id.*

## II.     Plaintiff's Subsequent Filings

The Magistrate Judge entered her R & R on January 14, 2015. Accordingly, any objections were originally due on February 2, 2015. *See* ECF No. 170. Plaintiff filed a document on January 29, 2015, which requested various relief from the Court regarding the prison law library. *See* ECF No. 179. The Court also construed this letter to request an extension of time to file objections to the R & R, as Plaintiff noted that he also moved for an enlargement of time to file objections to the R & R and a stay.[6] *See id.* at 6. Accordingly, the Court granted an extension of time to file objections to

---

[6] ECF No. 179 was mailed on January 29, 2015, *see* ECF No. 179-1 at 2, and received by the Court on February 2, 2015. ECF No. 184—a motion for enlargement of time/motion to stay—also indicates that it was mailed from Allendale Correctional Institution on January 29, 2015. *See* ECF No. 184-6. This filing was not received by the Court, however, until February 9, 2015. *See id.* Plaintiff appears to have been referencing ECF No. 184 in ECF No. 179. However, as noted above, the Court construed both of these documents to request separate extensions out of an abundance of caution.

the R & R, but denied any relief related to the law library.  *See* Text Order, ECF No. 180.  This moved the deadline to file objections to the R & R to February 16, 2015.  *See id.*

In this filing, Plaintiff also indicated that he was transferred from the Fairfield Correctional Institution to the Allendale Correctional Institution on January 15, 2015.[7]  *See* ECF No. 179 at 2.  Despite the transfer, Plaintiff does not contest in any way whether he received the R & R.  In both ECF No. 179 and ECF No. 184, Plaintiff clearly acknowledged that he received the R & R, as he requests extensions to file objections to the R & R.

The Court's text Order moving the deadline to February 16, 2015 was mailed on February 6, 2015.  As noted above, the Court received the filing entitled motion for enlargement of time/motion to stay on February 9, 2015.  *See* ECF No. 184-6.  This filing requested an extension of time to file objections of 180 days, an extension of time to file a Rule 59(e) motion to reconsider, and a stay.  *See generally* ECF No. 184.  The Court found good cause to grant Plaintiff an additional ten days to file objections, and thus granted his motion for an extension of time to file objections in part.  *See* Order, ECF No. 187.  This moved the deadline to file objections to February 26, 2015.  *See id.*  The Court cautioned Plaintiff, however, that no further extension of the time to file objections to the R & R would be given.  *See id.*  The Court then denied Plaintiff's request for a stay, and denied Plaintiff's motion for an extension of time to file a Rule 59(e) motion, noting it lacked authority to grant such an extension.  *See id.*

---

[7] While this filing and Plaintiff's subsequent motion both listed an address at the Allendale Correctional Institution, Plaintiff did not provided an official change of address notice as required by the Court's proper form order.  *See* Text Order, ECF No. 185; Order, ECF No. 9 (noting that if his address changed before the case ended, Plaintiff must "comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court").  Accordingly, the Court directed Plaintiff to provide an official notice to the Clerk of Court via Text Order dated February 12, 2015.  *See* ECF No. 185.  Plaintiff's official change of address notice was filed on February 26, 2015 and received by the Court on February 27, 2015.  *See* Notice of Change of Address, ECF No. 190.

Plaintiff then filed another motion for extension of time to file objections to the R & R on February 27, 2015, *see* ECF No. 191-4 at 1, which was received by the Court on March 4, 2015. *See* ECF No. 191.  In this filing, Plaintiff claims that he did not receive the Court's first order extending the deadline to file objections, dated February 6, 2015, until February 17, 2015. *See id.* Moreover, he claims he did not receive the Court's second order granting an extension, dated February 12, 2015, until February 26, 2015. *See id.* Despite the Court's warning that no further extensions would be given, however, Plaintiff filed this motion for an extension of time to file objections, rather than filing the objections themselves.

On March 16, 2015, Plaintiff filed eighty-one pages of untimely objections.  As the Court had not granted Plaintiff's most recent motion for an extension, these objections were over two weeks late.  Additionally, Plaintiff received almost an additional month's worth of time in which to file his objections to the R & R.  Despite this, he continued to file motions for extensions of time instead of objections.  The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citing *Webb v. Califano*, 468 F. Supp. 825, 831 (C.D. Cal. 1979)) ("[T]he failure . . . to file timely objections to the proposed findings and recommendations has the result that this court is not under a mandatory obligation to review those proposals *de novo*.").  Indeed, the Court is obligated to review only for clear error in the absence of a timely filed objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

With regard to Plaintiff's allegations, after a thorough review of the record in this case, the Court finds no clear error.[8] *See Darby v. South Carolina*, 355 F. App'x 751, 751 (4th Cir. 2009) ("The district court was under no obligation to consider [a party's] objections because they were untimely."). Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference, except as modified below to address Defendant Sternal's limited objection.

### III.   Defendant Sternal's Subsequent Filings

#### 1.  Motion for Extension of Time

After the Magistrate Judge issued her R & R, Defendant Sternal filed two separate documents. First, she filed a motion for an extension of time to file a dispositive motion, requesting an extension of 45 days. *See* Mot., ECF No. 176 at 2. In this motion, Defendant Sternal asserted that she was not served until May 15, 2014, and her answer was not due until June 4, 2014. *See id.* Accordingly, she notes that she had less than a month to meet the discovery deadline set forth in the scheduling order, and argues that this left her insufficient time to meet the July 23, 2014 dispositive motions deadline. *See id.* She claims that she could not evaluate Plaintiff's claims and prepare a proper motion in that time. *See id.* Sternal then asserts that the Court "ignored" the scheduling order to the point where it "seemed to Sternal that no operative date to file dispositive motions existed." *See id.* at 3. She notes that there was enough ambiguity such that she should not be precluded from filing a dispositive motion. *See id.*

Sternal cites several actions taken by the Court which she claims permitted actions outside the scheduling order. *See id.* First, she argues that the Court allowed Plaintiff to file a second amended complaint beyond the deadline to file amended pleadings. *See id.* Next, she notes that the

---

[8] The Court has, out of an abundance of caution, also reviewed Plaintiff's untimely objections and finds they are without merit.

7

Magistrate Judge granted Plaintiff's motion to amend the scheduling Order on August 12, 2014, and stated that a new scheduling order would be issued after a ruling on the YCDC's motion to dismiss. *See id.*; *see also* Order, ECF No. 77. Moreover, the Court allowed service of process on additional Defendants (Martin and Davis) on August 12, 2014, and later allowed these Defendants to join a previously filed motion to dismiss despite it being beyond the deadline to file dispositive motions. *See* ECF No. 176 at 3.

Alternatively, Sternal argues that the Court should also dismiss, *sua sponte*, Plaintiff's claim against her pursuant to 28 U.S.C. § 1915(e)(2)(B) or 42 U.S.C. § 1997e(c). Sternal notes that, if the Court adopted the Magistrate Judge's analysis regarding Plaintiff's diet based claims as to the YCDC Defendants, it will effectively determine that the allegations against Sternal fail to state a claim upon which relief can be granted. *See* ECF No. 176 at 4. Thus, Sternal argues that Plaintiff's claims against her should also be dismissed if the Court adopts the Magistrate Judge's recommendation. *See id.*

### 2. Objections to the R & R

Sternal then filed a separate document entitled her "limited objection" to the R & R, asserting the same arguments as the motion for extension. Sternal does not take issue with the Magistrate Judge's recommendations regarding the YCDC Defendants. Rather, she again argues that the reasons stated by the Magistrate Judge for dismissing the YCDC Defendants are equally applicable to the claim asserted against her. *See* ECF No. 178 at 2. Moreover, she alternatively argues that she should receive an extension of time to file a dispositive motion because she reasonably believed that there was no operative date to file dispositive motions. *See id.*

Plaintiff did not respond to either of Defendant Sternal's filings.

### IV. Analysis

#### 1. YCDC Defendants (Bryant, Arwood, Martin, and Davis)

No party timely objected to the Magistrate Judge's recommendations regarding the YCDC Defendants. Accordingly, finding no clear error, the Court adopts the Magistrate Judge's analysis as its own. The YCDC Defendants' motion to dismiss is granted.

#### 2. Defendant Sternal

Moreover, the Court agrees that Plaintiff's claim asserted against Defendant Sternal should also be dismissed. The Court takes issue with Sternal's accusation that it "ignored" the scheduling Order, as the same could easily be said for Sternal. Sternal incorrectly asserts that the Court permitted Plaintiff to amend his complaint beyond the deadline specified by the scheduling order. However, the scheduling order provided that <u>motions to amend</u> must be filed by May 27, 2014 (not amended pleadings themselves as Sternal argues). *See* ECF No. 38. Plaintiff filed a motion to amend the complaint on May 9, 2014. *See* Mot. to Amend, ECF No. 43. The Court granted Plaintiff leave to amend his complaint on May 16, 2014, prior to the deadline for filing motions to amend. *See* Order, ECF No. 45. Plaintiff's amended complaint was filed on May 27, 2014, and received by the Court on May 29, 2014. *See* ECF No. 47.

Defendant Sternal does correctly note, however, that the Magistrate Judge granted Plaintiff's motion to suspend the deadlines contained in the April 25, 2014 scheduling order on August 12, 2014. *See* ECF No. 77 at 4. In granting that motion, the Magistrate Judge stated that an amended scheduling order would be issued after Defendants Bryant and Arwood's motion to dismiss became ripe and the Court ruled on it. *See id.* What Defendant Sternal fails to point out, however, is that she had already been served on May 15, 2014, *see* ECF No. 52, and that both the discovery deadline (6/23/2014) and motions deadline (7/23/2014) had already passed prior to the Court issuing its

9

August 12, 2014 Order.  Accordingly, Sternal's reliance on the Magistrate Judge's August 12, 2014 Order is misplaced to the extent she asserts that it justifies her failing to comply with the deadlines set forth in the scheduling order.  Approximately three months passed between the time Sternal was served and the date of the Magistrate Judge's Order.  Sternal, however, failed to move to extend the deadlines in the scheduling order or attempt to comply with those deadlines.

Nevertheless, as Sternal notes, the Magistrate Judge's August 12, 2014 Order was over four weeks after the initial deadline to file dispositive motions.  Thus, as of the date of that Order, there was indeed ambiguity as to the deadline for discovery and filing dispositive motions.  The Magistrate Judge's order appears to suggest that new deadlines would be specified for both of these events after the YCDC Defendants' motion was ruled on by the Court.  Supporting this analysis is the fact that the Magistrate also allowed Defendants Martin and Davis to join in Defendants Arwood and Bryant's motion on November 12, 2014, which was well past the dispositive motions deadline in the scheduling order.[9]

The Court finds, however, that it need not determine whether Sternal should be granted an extension of time to file a dispositive motion.  Sternal's objections to the R & R sufficiently satisfy the Court that Plaintiff's claim against her should be dismissed.  This Court has the authority to dismiss a Plaintiff's claims *sua sponte* if it determines that, among other things, they fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c).  The Magistrate Judge found in the R & R that Plaintiff failed to set forth sufficient facts concerning his diet/food related claims to state a constitutional violation against the YCDC Defendants.  *See* ECF No. 170 at 7.  As the Magistrate Judge correctly noted "[t]o the extent Plaintiff complains of

---

[9] Defendants Martin and Davis were served on September 12, 2014 and answered the same day.  *See* ECF Nos. 105, 111.

the diet he has been served, he does not allege that it violates his religion." *See id.* Moreover, "Plaintiff is not entitled to a diet of his choice." *See id.*

The Court agrees with Sternal that these findings are equally applicable to Plaintiff's diet based allegations against Sternal. Furthermore, Plaintiff's only allegations regarding Defendant Sternal assert that she was the dietician at YCDC, and that she served a repetitive menu and left over food. *See* ECF No. 47 at 15–17. As the Tenth Circuit has explained, a "[p]laintiff's dissatisfaction with the menu at the prison is not sufficient to support an Eighth Amendment claim." *Ayers v. Uphoff*, 1 Fed. App'x 851, 855 (10th Cir. 2001). Accordingly, the Court finds that Plaintiff has not stated a proper claim against Sternal because he has not shown that she "had personal knowledge and involvement in the alleged deprivation" of his constitutional rights. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Therefore, the Court finds that Plaintiff has also failed to state a claim as to Defendant Sternal and that she is also entitled to dismissal. The R & R is modified accordingly to reflect the analysis set forth herein regarding Defendant Sternal.

## CONCLUSION

The Court has thoroughly reviewed the entire record. For the reasons stated above, the Court hereby and adopts the Magistrate Judge's R & R, as modified.

**IT IS THEREFORE ORDERED** that the YCDC Defendants' (Bryant, Arwood, Martin, and Davis) motion to dismiss, ECF No. 58, is **GRANTED**. **IT IS FURTHER ORDERED** that Defendant Sternal is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c).

Accordingly, all claims and Defendants having been dismissed, this case is **DISMISSED**. Defendant Sternal's motion for extension of time to file dispositive motions, ECF No. 176, is

**FOUND AS MOOT**.  Likewise, Plaintiff's motion for extension of time to file objections, ECF No. 191, is also **FOUND AS MOOT**.

    **IT IS SO ORDERED.**

                                                 s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

Florence, South Carolina
March 24, 2015